## H. WILSON BLASHFIELD, RESPONDENT, v. LEANDER SMITH, APPELLANT.

*Judgment — should not be docketed until the judgment roll is made up and filed — when an execution issued upon a judgment, docketed before this is done, will be set aside.*

When a judgment is docketed, upon the decision or order for judgment, without any judgment roll having been made up and filed, the court will set aside an execution thereafter issued upon the judgment docket, unless the defect be cured, and a proper judgment roll be made up within a reasonable time.

APPEAL from an order made by the county judge of Cortland county denying a motion to strike from the records an order for the entry of a judgment, and to set aside an execution issued upon the judgment entered and docketed in pursuance of the said order.

*William H. Warren,* for the appellant.

*O. Porter,* for the respondent.

By the Court:

No judgment roll in the County Court was ever made up and filed in the clerk's office.

The order or judgment based upon the decision in the County Court was made out and signed by the county clerk and entered in the judgment book. Such judgment order and the docket of the judgment constitute the record upon which the execution was issued, which is now the subject of complaint. The defendant asks to have the execution and the paper herein, called the order for judgment, set aside.

There was no such judgment roll as the law requires. The Code makes it the duty of the clerk to make up the judgment roll. Practically it is rarely or never made up unless by the attorney of the successful party. It should always be made up before the judgment should be docketed by the clerk. The docket should be sustained by the judgment roll. Perhaps in this case the court should not hold the docket void or the execution issued upon it; but a proper conduct of judicial proceedings requires such irregularities or defects to be corrected by the party in fault. Executions should be sustained by the judgment roll. Where, by carelessness or inadvertence, the roll has not been made up, the court should set aside the execution unless the defect be supplied within a reasonable time.

But the order for judgment was properly filed with the clerk and is a necessary part of the judgment roll. That is properly in the clerk's office, and should not be taken from the records.

We think the execution should be set aside unless the plaintiff, within twenty days after notice of this order, shall cause a proper judgment roll to be filed, without costs to either party on this appeal.

Present — Learned, P. J.; Bockes and Boardman, JJ.

Order reversed and execution set aside, unless within twenty days after notice of order a proper judgment roll be or shall have been filed.